In re Wayne H. BROWN, Beverly R. Brown, Debtors.

Bankruptcy No. 2–85–00318.

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 5, 1986.

Robert H. Farber, Jr., Columbus, Ohio, for debtors.

Richard J. Welt, Columbus, Ohio, for GMAC.

Kelly M. Morgan, Kelly M. Morgan & Co., Columbus, Ohio, for ITT.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

ORDER DENYING MOTION TO DISMISS, DENYING MOTION FOR RELIEF FROM STAY REQUESTED BY ITT INDUSTRIAL CREDIT COMPANY, AND DENYING IN PART AND GRANTING IN PART MOTION FOR RELIEF FROM STAY REQUESTED BY GENERAL MOTORS ACCEPTANCE CORP.

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon motions seeking relief from stay filed by ITT Industrial Credit Company ("ITT") and General Motors Acceptance Corp. ("GMAC"), and upon GMAC's alternative request to dismiss this case. The motions relate to the pending Chapter 13 case of debtors Wayne and Beverly Brown and were consolidated for trial to the Court.

The Court makes the following findings of fact:

1. The debtors had a Chapter 13 plan confirmed by this Court on May 14, 1985. The terms of that plan, in part, include payments of $1,800.00 per month to the trustee, payment of all allowed secured claims and payment of 70% of all allowed unsecured claims.

2. The debtors have paid $32,173.26 into their plan as of September 29, 1986.

3. The debtors' plan has a default of $8,786.74 resulting from an interruption in payments between November 1985 and March 1986. At the time of the trial the debtors tendered $2,000.00 to the Chapter 13 trustee to decrease the amount in default in their plan.

4. GMAC is the holder of an allowed secured claim in the amount of $5,183.00 for which a lien is retained against a 1982 Chevrolet pick-up truck. GMAC also holds an allowed secured claim in the amount of $5,500.00 for which a lien is retained against a 1980 Pontiac Trans-Am.

5. ITT is the holder of an allowed secured claim in the amount of $34,000.00 for which a lien is retained against a 1981 Kenworth tractor. This claim has been reduced since the confirmation of the Chapter 13 plan by payments of $9,561.74.

6. Although the value of the 1981 Kenworth tractor is disputed, that value is substantially in excess of ITT's remaining secured claim.

7. The debtor Wayne H. Brown has made substantial and significant re-

pairs and has maintained the Kenworth tractor.

8. The Kenworth tractor is used by Wayne H. Brown in his occupation as an over-the-road truck driver. The 1982 Chevrolet pick-up truck is used by both debtors for personal use and for transportation of parts used for maintenance of the Kenworth tractor.

9. The 1980 Pontiac Trans-Am is used primarily by the debtors' son who attends college away from the city in which the debtors reside.

10. The debtors have cooperated with the Chapter 13 trustee in attempting to correct the default in their Chapter 13 plan.

■ Based upon the factual findings stated above, the Court concludes that, although material default in the terms of a confirmed Chapter 13 plan can be cause for relief from the automatic stay and can be cause for the dismissal of a Chapter 13 case, the determination of materiality is a factual question within the discretion of the court based upon its consideration of a particular Chapter 13 plan and upon the totality of circumstances affecting the debtors which caused the default.

■ The Court finds that the existing default in the debtors' plan is not a material default as to ITT which would constitute "cause" for granting relief from stay within the meaning of 11 U.S.C. § 362(d)(1) and that ITT did not advance any other ground for relief. Given the value of the Kenworth tractor, the maintenance which the debtor has provided for the vehicle, and the debtor's equity in the truck, the Court also finds that ITT has been adequately protected by the stream of payments it has received through the Chapter 13 plan.

■ The Court finds further that GMAC has not shown a material default in the debtors' plan such as would justify dismissal of this Chapter 13 plan within the meaning of 11 U.S.C. § 1307(c)(6). In addition, "cause" has not been shown for relief

from the stay with regard to the 1982 Chevrolet pick-up truck.

■ With regard to the relief sought by GMAC against the 1980 Pontiac Trans-Am, the Court finds that GMAC's oral motion to amend its request to include relief under the grounds set forth in 11 U.S.C. § 362(a)(2) should be granted. Acceptance of GMAC's proof on this issue is consistent with the policy of Rule 15(b) of the Federal Rules of Civil Procedure to allow liberal amendment of pleadings to conform to evidence received at trial and is consistent with the lack of objection to such evidence as received at trial. Evidence established that, as to the Trans-Am, GMAC had an allowed secured claim in the amount of $5,500.00. That Trans-Am, which is used by the debtors' son, was valued by the debtor at $4,000.00 to $5,000.00. During the Chapter 13 plan GMAC has received only $396.00 for application to the principal of that obligation. Therefore the debtors have no equity in the Trans-Am and the vehicle is not needed for the debtors' reorganization. Therefore the automatic stay will be lifted to permit GMAC to proceed with its remedies under state law against the 1980 Pontiac.

Based upon the foregoing, the Motion for Relief from Stay filed by ITT shall be, and the same is hereby, OVERRULED. The Motion to Dismiss this case filed by GMAC shall be, and the same is hereby also OVERRULED. GMAC's Motion for Relief from Stay is OVERRULED with regard to the 1982 Chevrolet Pick-up, but is SUSTAINED with regard to the 1980 Pontiac Trans-Am.

IT IS SO ORDERED.