**In re Diane WADE, Debtor.**

**Bankruptcy No. 93–30783.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Oct. 12, 1994.

Anthony B. DiSalle, Trustee, Toledo, OH.

John Jacobson, Toledo, OH, for debtor.

John E. Luchansky, Lambertville, MI, for Monroe Bank & Trust.

Wendell H. Livingston, Becket & Watkins, Malvern, PA, for Bank of NY DE.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on the Motion for Order Terminating Automatic Stay filed by Monroe Bank & Trust and Debtor's Objection. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in making its decision. The Court has reviewed the entire record in the case. Based upon that review, and for the following reasons, this Court finds that Monroe's Motion for Relief should be Denied, subject to Debtor's curing of all arrearages by the close of business on October 17, 1994.

### FACTS

Debtor filed a Plan for Chapter 13 relief on March 17, 1993, and an order confirming the Debtor's Plan was issued by this Court on May 28, 1993. In that Plan, Debtor claimed a one-half (½) interest in her home located at 5823 West Temperance Road, Ottawa Lake, Michigan. Monroe Bank & Trust (hereafter "Monroe") has a secured interest in this property.

On May 23, 1994 Monroe filed the present Motion for Relief from Stay on the basis that Debtor has failed to make current mortgage payments and likewise failed to make payments on pre-petition arrearages as mandated by the Plan. According to Monroe, Debtor's monthly mortgage payments are Three Hundred Thirty and 10/100 Dollars ($330.10) per month, and the Debtor was obligated by the plan to pay Ninety-three Dollars ($93.00) per month to cure pre-petition mortgage payments still owing. Monroe claims that Debtor owes two (2) mortgage payments, and four (4) payments on the arrearage, all totaling One Thousand Thirty-two and 20/100 Dollars ($1,032.20). Debtor has a total indebtedness of Twenty-one Thousand Eight Hundred Eighty-two and 41/100 Dollars ($21,882.41)

and arrearages of Two Thousand Two Hundred Sixty-five and 00/100 Dollars ($2,265.00). Monroe submits that the appraised value of the real estate is Sixty-one Thousand Five Hundred and 00/100 Dollars ($61,500.00). Debtor objects to Monroe's Motion on the basis that the real property is her primary residence and that payments have been made which are not reflected in Monroe's Motion.

### LAW

11 U.S.C. § 362 reads in relevant part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief under the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such property in interest.

(2) with respect to a stay of an act against property under sub-section (1) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective organization.

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (1) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property;

(2) the party opposing such relief has the burden of proof on all other issues.

### DISCUSSION

Motions to terminate, annul, or modify the automatic stay are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G). The Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. § 1334.

Under 11 U.S.C. § 362(d) supra, this Court can terminate, modify, annul or condition the stay for "cause." Under 11 U.S.C. § 362(g), the Debtor has the burden of proof on all issues except lack of equity in real property, which is not an issue in this case as the secured creditor is not seeking relief from stay on the basis that Debtor has no equity in the property under 11 U.S.C. § 362(d)(2).

The law in this area was summarized by the court in *In re Brown,* 70 B.R. 10 (Bankr. S.D.Ohio 1986). In *Brown,* as in the case herein, creditors with secured claims sought relief from stay with respect to a Chapter 13 case for which a plan had been confirmed and payments had not been maintained in accordance with the plan. The court held:

Based upon the factual findings stated above, the Court concludes that although material default in the terms of a confirmed Chapter 13 plan can be cause for relief from the automatic stay and can be cause for dismissal of a Chapter 13 case, the determination of materiality is a factual question within discretion of the court based upon its consideration of a particular Chapter 13 plan and upon the totality of circumstances affecting the debtors which caused the default. *Id.* at 12.

In the case at bar, it appears that Debtor made mortgage and arrearage payments pursuant to the Chapter 13 Plan as confirmed by this Court through January 1994. Monroe claims that Debtor has failed to make arrearage payments pursuant to the Plan since January of 1994. Monroe further claims that Debtor failed to make payments upon her Note for the months of April and May 1994. Debtor's only explanation is that the collateral securing the note is the Debtor's principal residence and that some payments have not been reflected as paid. Debtor has failed to prove that the payments which have not been reflected as paid were actually made.

Viewing the totality of circumstances in this case, this Court will deny Monroe's Motion for Relief from Stay, subject to Debtor's curing all late payments by October 17, 1994. If said payments are not made by this time, Monroe's Motion will be reinstated and granted without further notice to Debtor or opportunity for a hearing.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of Counsel, regard-

less of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that Monroe's Motion for Order Terminating the Automatic Stay be, and is hereby, **DENIED,** pending Debtor's payment of all late payments by the close of business on October 17, 1994.

It is **FURTHER ORDERED** that if Debtor does not cure all late payments regarding the current mortgage payments and payments for unpaid pre-petition mortgage payments pursuant to the Chapter 13 Plan confirmed by this Court, the Court will reinstate and grant Monroe's Motion for Relief from Stay.